JP:WDS

**M12-0033**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TALEEK BROOKS,

           Defendant.

C O M P L A I N T

M. No. _____
(T. 18, U.S.C., §
2252(a)(1))

- - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS.:

       THOMAS THOMPSON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

       On or about December 29, 2011, within the Eastern District of New York and elsewhere, the defendant TALEEK BROOKS, did knowingly and intentionally transport and ship, using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, one or more visual depictions, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

       (Title 18, United States Code, Section 2252(a)(1)).

       The source of my information and the grounds for my belief are as follows:[1]

---

[1] Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

1.    I have been a Special Agent of the FBI since December 2004, and am currently assigned to the New York Office. Since September 2007, I have been assigned to the Internet Crimes Against Children squad.   I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children.  I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations.   As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2.    I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

**THE UNDERCOVER INVESTIGATION**

3.    On or about December 29, 2011, a Special Agent with the FBI working in an undercover capacity ("Undercover Agent") signed into a peer-to-peer (P2P) program, which is publicly-

-2-

available, via an internet-connected computer located within the FBI New York Division.  The Undercover Agent memorialized the session by intermittent video capture using a publicly available computer program.  Any download activity from the session was monitored via a Network Monitoring Program.

   4. Upon signing in to the publicly available P2P file sharing program, the Undercover Agent observed that a user with a username, abbreviated "T.S.", was online.  The Undercover Agent proceeded to browse T.S.'s shared directories and observed files depicting images and titles indicative of child pornography.

   5. In a private chat message, within the P2P file sharing program, T.S. communicated to the Undercover Agent that he was interested in black boys 10 years old and older.

   6. The Undercover Agent downloaded nine (9) image[2] files and two (2) video files depicting child pornography from T.S. The affiant has reviewed all of the downloaded image and video

---

[2] Although still images of apparent child pornography can be created using "morphing" technology and the identity of these minors are not known to law enforcement (i.e., the identity and age of the children have not been discovered by law enforcement), it appears that these images involve the use of actual (i.e. non-virtual) minors engaging in sexually explicit conduct. This conclusion is also based upon my consultation with other agents experienced in determining whether child pornography images depict real children. In addition, based upon my experience in child pornography investigations, I have found that collectors of child pornography generally have in their collections both images which depict children known to law enforcement and images in which the identities of the children depicted are not yet known to law enforcement. Moreover, where, as here, an individual is a member of a hardcore pedophile/child pornography network which is not accessible by casual web-browsing, the likelihood that such an individual is in possession of child pornography depicting real children is extremely high.

files.  Several of these files, which are available for the Court's review, are described as follows:

    a.   **Boy opened up wide by neighbor.flv** is a video of an adult male and a prepubescent boy, approximately 10 years old, engaging in anal sex.

    b.   **Img012.jpg** is an image of two nude prepubescent boys, approximately five years old.  One of the boys has his left hand on his genitals.

    c.   **P1010026.jpg** is an image of a partially clothed prepubescent boy, approximately 11 years old, lying down on a yellow couch with his genitals exposed.  The boy's left hand is on his penis.

    d.   **10yo_firsthair-10yoboy-fuck_4m39.3gp** is a video of a prepubescent boy and prepubescent girl, both approximately ten years old, engaging in oral, vaginal, and anal sex.

    7.   The Undercover Agent used the Network Monitoring Program to identify the IP address utilized by T.S. as 108.54.16.46.  Open source database searches revealed the IP address 108.54.16.46 was registered to Verizon Internet Services.

    8.   Records obtained from Verizon Internet Services by administrative subpoena showed that the IP address 108.54.16.46 on December 29, 2011, was subscribed to "TALEEK BROOKS."  The address associated with this IP address and TALEEK BROOKS was on Lafayette, Avenue (the "SUBJECT PREMISES"), in Brooklyn, New York.

    9.   Based in part on the foregoing information, on January 10, 2012, the Honorable Ramon E. Reyes, Jr. signed a search warrant authorizing a search of the SUBJECT PREMISES.

## THE SEARCH WARRANT EXECUTION

10.   On January 13, 2012, I, along with other law enforcement agents, executed the search warrant at the SUBJECT PREMISES.

11.   Pursuant to this search, the defendant TALEEK BROOKS was interviewed at the SUBJECT PREMISES, following waiver of his Miranda rights.  Defendant BROOKS admitted, in sum and substance and relevant part, that he had been using the peer-to-peer program and the screenname abbreviated T.S. to trade child pornography. BROOKS further admitted that he had been downloading and sharing child pornography for approximately seven years.  BROOKS indicated that he had collected and saved over 1000 digital files on his computers containing child pornography.  BROOKS admitted that he views and trades child pornography on a daily basis and masturbates to child pornography approximately three times a week.  BROOKS indicated that the ages of the children in the child pornography he collected were approximately 10 years old and older.

12.   The Defendant TALEEK BROOKS further stated, and law enforcement has confirmed, that he is employed by the New York City Department of Education as a para-professional at P.S. 243, the Weeksville School, in Brooklyn.

-5-

WHEREFORE, Your affiant also respectfully requests that the defendant TALEEK BROOKS be dealt with according to law.

_____
Thomas Thompson
Special Agent - FBI

Sworn to before me this
13th day of January, 2012


_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK